UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL S. DONOVAN,<br>Petitioner,<br><br>v.<br><br>LOIS RUSSO, SUPERINTENDENT,<br>Respondent. | Civil Action No. 04-11761-EFH |

### RESPONDENT'S MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS

The respondent submits this memorandum in support of its motion to dismiss the petition filed by Michael S. Donovan ("the petitioner") who was convicted in 2000 of aggravated rape, indecent assault and battery and threatening to commit a crime. He contends that he is imprisoned in violation of his federally secured constitutional rights on the following four grounds:(1) improper and prejudicial comments by prosecutor; (2) improper comments & reference to defendant's silence used to insuate (sic) guilt to jury; (3) unconstitutionally impaneled jury; and (4) ineffective counsel. (Petition, p. 5-6, ¶ 12A-12D).

The petition should be dismissed as "mixed" because the petitioner has failed to exhaust remedies on Grounds Three and Four.[1]

### PRIOR PROCEEDINGS

The petitioner's conviction for aggravated rape and other charges was affirmed by the Massachusetts Appeals Court on July 20, 2003. *Commonwealth v. Donovan*, 58 Mass. App. Ct.

---

[1] The respondent has elected to file a dispositive motion to dismiss on exhaustion grounds although other solid affirmative defenses exist, i.e., Ground One does not merit habeas corpus relief under AEDPA and Ground Two is procedurally defaulted. The respondent respectfully reserves the right to file an answer and supplemental answer to the petition or memorandum on the merits in the event that the instant motion is denied.

2

631, 792 N.E. 2d 657 (2003)( Exh.1). [2] He raised two issues in his brief to the Massachusetts Appeals Court, i.e., (1) that the prosecutor, in closing argument, made improper comments on his post-Miranda denials that he had committed a crime, as well as his post-Miranda silence on the issue of consent and also made inflammatory appeals to the jury's sympathies and fears; and (2) that the conviction of kidnapping conviction was duplicative of the convictions of aggravated rape. (Exh. 2 at 1). His application for leave to obtain appellate review (ALOFAR) included only issue 1 above and was denied by the Supreme Judicial Court on September 5, 2003. *Commonwealth v. Donovan*, 440 Mass. 1102, 795 N.E. 2d 573 (2003)(Exh. 4 at 13; Exh. 5).

## ARGUMENT

### THE PETITION SHOULD BE DISMISSED BECAUSE GROUNDS THREE AND FOUR WERE NEVER PRESENTED TO THE SUPREME JUDICIAL COURT AND ARE CLEARLY UNEXHAUSTED

It is well settled that "a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997) (*citing Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). *See also Picard v. Connor*, 404 U.S. 270, 276 (1971); 28 U.S.C. § 2254(b)(1)-(2). In addition to ensuring that state courts have the first opportunity to correct their own federal constitutional errors, the exhaustion requirement enables federal courts to accord appropriate respect to the sovereignty of the states and thus promotes

---

[2] The respondent is submitting as Exhibits the following documents from the petitioner's state appeal: Exhibit 1: *Commonwealth v. Donovan*, 58 Mass. App. Ct. 631, 702 N.E. 2d 657 (2003); Exhibit 2: Brief and Record Appendix for the Defendant in the Massachusetts Appeals Court, No. 01-P-1760; Exhibit 3: Brief for the Commonwealth, No. 01-P-1760; Exhibit 4: Defendant's Application for Further Appellate Review in the Supreme Judicial Court; Exhibit 5: *Commonwealth v. Donovan*, 440 Mass. 1102, 795 N.E. 2d 573 (2003)(Application denied.)

3

comity by "minimiz[ing] friction between our federal and state systems of justice...." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). *See also Rose*, 455 U.S. at 518 (reiterating importance of exhaustion doctrine); *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988) (same).

To satisfy the exhaustion requirement, the petitioner bears the "heavy burden" of showing that he "fairly presented the substance of his federal habeas claims to the state court before seeking federal review." *Adelson*, 131 F.2d at 262; *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987). It is not enough for the petitioner to set forth the factual basis for his claims; he must also "elucidate the legal foundation of his federal claim" in such a way that its "federal quality" is "readily apparent" to the state court. *Adelson*, 131 F.2d at 262; *Nadworny v. Fair*, 872 F.2d 1093, 1101 (1st Cir. 1989). In other words, the federal issue must be presented "face up and squarely" to the "state's highest tribunal." *Mele*, 850 F.2d at 820, 823 *(quoting Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

An "issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners" of the application for leave to obtain further appellate review ("ALOFAR"). *Mele*, 850 F.2d at 823. It is clear that the petitioner failed to include Grounds Three and Four in his brief to the Massachusetts Appeals Court or in his ALOFAR. (Exh. 2 and 4). He raised only one claim in his ALOFAR, i.e., the prosecutor in closing argument made improper comments on the [petitioner's] post-Miranda denials that he committed any crime, as well as his post-Miranda silence on the issue of consent. (Exh. 4 at 13).³ There was no mention of an unconstitutionally

---

³ The petitioner sought further appellate review of the prosecutor's comment that the petitioner had told the police "it's not me" when first told of a rape and kidnapping in Sterling and Leominster. *Donovan*, 589 Mass. App. Ct. at 635. The petitioner also mentioned in the

4

impaneled jury and ineffective assistance of counsel in his application to the Supreme Judicial Court. (Exh. 4). Therefore, because the petitioner failed to properly raise all his federal habeas claims to the SJC, he has not afforded that court the opportunity to confront -- let alone correct -- his claimed errors. Petitioner "simply jumped the gun in bringing to a federal habeas forum contentions not first screened by the state courts." *Martens v. Shannon*, 836 F.2d at 718 (footnote omitted). As such, his petition should be dismissed. *See Rose v. Lundy*, 455 U. S. at 518-519; *Picard v. Connor*, 404 U. S. at 276.

## CONCLUSION

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

---

ALOFAR that the prosecutor stated that the petitioner went to the police station and had opportunity to tell them whatever he wanted and that was the time to tell the police that it was consensual. (Exh. 4 at 16). However there was no objection to this later statement as the petitioner conceded in his state appeal and the Massachusetts Appeals Court deemed it waived. *Donovan*, 58 Mass. App. Ct. at 636.

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, pro se, on November 8, 2004 by first class mail, postage prepaid, at the following address:

Michael S. Donovan, pro se
Souza-Baranowski Correctional Center
Harvard Road
Box 8000
Shirley, MA 01464

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General